UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY BOYCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 16-1028-SLD |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OF AMENDED COMPLAINT**

    The Court had dismissed the plaintiff's complaint, without prejudice, at merit review for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e)(a). *See* Order (d/e #10). Plaintiff appealed and the Seventh Circuit Court of Appeals vacated and remanded, asserting that the case should not have been "dismissed *sua sponte* at screening" for failure to exhaust remedies. *See* Mandate (d/e #33).

    As the matter is now reinstated, the Court GRANTS Plaintiff's previously filed Motion for Leave to Amend [9], and directs the Clerk to file the Amended Complaint. The Court now undertakes a merit review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).

    In his Amended Complaint Plaintiff alleges a history of severe dry mouth and vocal cord pain since 2008. In July 2014, he was referred to an outside specialist and diagnosed with neurological dry mouth and weak vocal cords. He was prescribed Neurontin and Biotene, a prescription mouthwash. That same year, Plaintiff was also diagnosed with blocked salivary glands which, at times, cause sores to develop in his mouth.

    Plaintiff alleges that Wexford Health Sources and Boswell Pharmacy Services have refused to provide him Biotene. He alleges that he told Defendant Anderson that he was being denied Biotene and she has refused to intervene. He also complained to Dr. Andrew Tilden and Nurse Jennifer Tinsley, telling them that he was suffering severe pain as a result. Defendants Tilden and Tinsely allegedly failed to prescribe or otherwise provide Biotene to him. Dr. Tilden purportedly told Plaintiff that Wexford would not allow the ordering of Biotene or referral to an

outside specialist due to the costs involved. Plaintiff claims that Defendants' actions violated his Eighth Amendment rights and rights under the American with Disabilities Act ("ADA") and the Rehabilitation Act.

Plaintiff successfully pleads a claim for deliberate indifference to a serious medical need against Defendants Dr. Tilden, Jennifer Tinsley, and Terri Anderson. He also states a case against Wexford based on the allegations that Wexford had an official policy which caused him harm. Plaintiff, however, fails to allege facts to establish that Boswell Pharmacy Services was personally responsible for his injury. Here, Plaintiff claims that the medical providers refused to prescribe him Biotene. Boswell Pharmacy Services could not be liable for failing to provide a medication which had not been ordered. Furthermore, Plaintiff does not establish that Boswell, apparently a private company, was acting under color of state law for § 1983 liability. A private party's conduct can be considered state action only if there is a sufficiently close nexus between the state and the private conduct so that the action "may be fairly treated as that of the State itself." *Wade v. Byles*, 83 F.3d 902, 904-05 (7th Cir. 1996) (internal citations omitted). Plaintiff identifies no such nexus and Boswell is DISMISSED.

Plaintiff's claims under the Americans with Disabilities and Rehabilitation Act fail as Plaintiff does not allege that he was discriminated against him due to a disability. *See Resel v. Fox,* 2001 WL 1654524, * 4 (7th Cir. Dec. 20, 2001)("a prison official does not violate the ADA when failing to attend to the medical needs of ... disabled prisoners."); *Perrey v. Donahue,* 2007 WL 4277621,* 4 (N.D. Ind. Dec. 3, 2007)("The Rehabilitation Act was not intended to require prison officials to provide medical treatment to prisoners with a serious medical needs.").

Plaintiff's claim against the Illinois Department of Corrections ("IDOC"), is dismissed as IDOC is not a (person) amendable to suit under ' 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012)("a state and its agencies are not suable 'persons' within the meaning of section 1983…" (citing, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)).

**IT IS THEREFORE ORDERED:**

1.    The Clerk is DIRECT to file Plaintiff's Amended Complaint [9].
2.    Pursuant to its merit review of the Amended Complaint under 28 U.S.C. ' 1915A, this case shall proceed on Plaintiff's claim for deliberate indifference to a serious medical need against Defendants Tilden, Tinsley, Anderson and Wexford. Plaintiff's ADA and Rehabilitation Act claims are DISMISSED. Defendants Boswell Pharmacy Services and IDOC are DISMISSED. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.  Plaintiff's [34], Motion to recruit *pro bono* counsel is DENIED. Under *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), the Court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Here Plaintiff provides two letters he ostensibly sent to prospective counsel. He has not, however, provided any responses which he received. In the event Plaintiff renews his motion for appointment of counsel, he should list the attorneys to whom he wrote and should attach any letters sent to or received from those attorneys.

3.  This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4.  The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5.  With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6.  The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7.  This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are

not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      8.      Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

      9.      The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      10.      If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      11.      The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      12.      The clerk is directed to terminate the Illinois Department of Corrections and Boswell Pharmacy Services as defendants.

      13.      The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

      14.      The Court rescinds the strike that was assessed pursuant to 28 U.S.C. Section 1915(g) when plaintiff's original complaint was dismissed.  The clerk is directed to remove plaintiff's strike from the three-strike log.

      Entered this 2nd day of November, 2016

      /s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE